UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GREGORY STEVE SMOKE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 09-2050 (JRT/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. His habeas corpus petition indicates that he is serving a federal prison sentence that was imposed in the Middle District of Alabama in 2006. However, Petitioner has not provided any information about the nature of his federal criminal case, the length of his sentence,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

or the expected duration of his confinement.[2]

Petitioner is not presently challenging the validity of his underlying criminal prosecution, conviction or sentence. Instead, he is seeking to have his sentence modified and reduced, "due to exceptional and extroidinary [sic] family circumstances that warrants his release from confinement to attend to his family matters that directs his immediate attention to and thereof."

Petitioner alleges that his wife, who is a diabetic, "has been stricken with a diabetic coma and acid reflux disease where she is always in the hospital for some kind of illness which the petitioner (Smoke) is unable to provide any normal, day-to-day spousal and parental assistance to care for her and his son who was being cared for by her." He further alleges that his wife is "100% disabled," and that he and his wife "have three children with one at home who had a special relationship with his mother which child has become clinically depressed, stressed and emotionally distressed due to the circumstances of the condition of his mother and that of his father's (Smoke) incarceration."

Petitioner is seeking a writ of habeas corpus that would grant him "a Downward Departure of remining [sic] sentence so that he may be positioned to provide and care" for his ailing wife and child. Such relief, however, cannot be granted here.

## II.   DISCUSSION

18 U.S.C. § 3582(c) explicitly dictates that a federal court "may not modify a term of imprisonment once it has been imposed," except under the narrow and specific circumstances set forth in the statute. The only such circumstances that might possibly be

---

[2] A website maintained by the federal Bureau of Prisons, (www.bop.gov), indicates that Petitioner's projected release date is June 10, 2013.

present here are those described in § 3582(c)(1)(A)(i). That subsection of the statute provides that –

> "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction...." (Emphasis added.)

A sentence reduction granted pursuant to § 3582(c)(1)(A) is sometimes referred to as a "compassionate release." Pinkley v. Anderson, Civil No. 06-2461 (PAM/JJG), (D.Minn. 2006), 2006 WL 2671074 at *1. Petitioner's reference to "exceptional and extroidinary [sic] family circumstances" suggests, quite clearly, that he is seeking a compassionate release under § 3582(c)(1)(A)(i).

However, a sentence can be modified pursuant to § 3582(c)(1)(A) only by the court that imposed the sentence. Id. at *2. See also Braswell v. Gallegos, 82 Fed.Appx. 633, 635, (10th Cir. 2003) ("[b]ecause a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence"); Porges v. Zickefoose, No. 3:08-CV-785(RNC), (D.Conn. 2008), 2008 WL 4596640 at *2 ("a motion for modification of a sentence under the statute [i.e., § 3582(c)] must be filed in the district court that imposed the sentence (not the district of confinement)"), (citing Braswell, supra); Toledo v. Warden, Fairton Federal Correctional Inst., Civil No. 08-3671 (NLH) (D.N.J. 2009) 2009 WL 2182597 at *4, n. 5 (same), (citing Braswell, supra; Porges, supra). Thus, Petitioner cannot seek a compassionate release under § 3582(c)(1)(A) by means of a § 2241 habeas corpus proceeding in the district where

3

he is confined – i.e., the District of Minnesota. Because Petitioner was sentenced in the United States District Court for the Middle District of Alabama, only that court could grant him a compassionate release under § 3582(c)(1)(A). See Lewis v. Warden, FMC-Rochester, Civil No. 06-329 (ADM/RLE), (D.Minn. 2006), 2006 WL 1134760 at *1 ("[u]nder 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. §§ 571.60, 571.62, only the sentencing court may make an inmate immediately eligible for parole on a compassionate release motion").

The Court has considered whether Petitioner's current § 2241 habeas corpus petition should be construed as a motion brought under § 3582(c)(1)(A)(i), and whether this case should thereafter be transferred to the sentencing court – the Middle District of Alabama. Although Pinkley and Lewis provide some precedent for such a disposition, the Court will not recommend a transfer here.

If Petitioner's current claims for relief were presented to the sentencing court in the context of a § 3582(c)(1)(A)(i) motion, that motion would undoubtedly be denied, because this action was initiated by Petitioner – not by the Director of the Bureau of Prisons ("BOP"). It clearly appears on the face of the statute that a motion seeking a compassionate release under § 3582(c)(1)(A)(i) must be brought by the Director of the BOP. A compassionate release motion brought by an individual prisoner, such as Petitioner, cannot be entertained by a sentencing court. See Porges, 2008 WL 4596640 at *2 ('[a] court lacks authority to reduce a sentence of imprisonment under the compassionate release statute unless a motion is filed by the Director of the BOP"); see also Gutierrez v. Anderson, Civil No. 06-1714 (JRT/JSM), (D.Minn. 2006), 2006 WL 3086892 at *2 ("[b]ecause BOP declined to file a motion to reduce petitioner's term of imprisonment, the Court has no statutory authority to consider petitioner's request for compassionate release").

4

If this case were transferred to the sentencing court, that court presumably would reject Petitioner's current request for a compassionate release under § 3582(c)(1)(A)(i), because the request was not presented by the Director of the BOP. Therefore, transferring this case to the sentencing court would not be helpful to Petitioner, and it would serve no other useful purpose.

Thus, the Court will recommend that this case be dismissed, rather than transferred. However, it will be recommended that the case be dismissed without prejudice, so that Petitioner will still be able to seek a compassionate release by the proper means.[3]

Having determined that this action should be summarily dismissed pursuant to Rule 4 of the Governing Rules, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

---

[3] The procedure for seeking a compassionate release under § 3582(c)(1)(A) is prescribed at 28 C.F.R. §§ 571.60-.63. Those regulations explain how an inmate can ask the Director of the BOP to bring a motion under § 3582(c)(1)(A), seeking a compassionate release for the inmate's benefit.

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated: August 7, 2009

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 21, 2009.