| | |
|---|---|
| GREGORY STEVE SMOKE, | Civil No. 09-2050 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Gregory Steve Smoke, #8052002, Federal Medical Center-Rochester, P.O. Box 4000, Rochester, MN, 55903, petitioner *pro se*.

Christopher R. Wolfe, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

This matter is before the Court on petitioner Gregory Steve Smoke's petition for writ of habeas corpus under 28 U.S.C. § 2241. On August 7, 2009, United States Magistrate Judge Arthur J. Boylan filed a Report and Recommendation recommending that the Court summarily dismiss Smoke's habeas corpus petition without prejudice and deny Smoke's application to proceed *in forma pauperis* ("IFP"). Smoke filed objections to the Report and Recommendation, which the Court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2. For the reasons set forth below, the Court overrules Smoke's objections and adopts the Report and Recommendation of the Magistrate Judge.

# BACKGROUND[1]

Smoke is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, where he is serving a sentence imposed in 2006 by the United States District Court for the Middle District of Alabama.[2]  Smoke filed a petition for a writ of habeas corpus in the United States District Court for the District of Minnesota "pursuant to Title 28 U.S.C. § 2241 and 18 U.S.C. § 3553."  (Docket No. 1, Ex. 1 at 1.)  In his habeas petition, Smoke requests that the Court grant a "downward departure" from the remainder of his prison sentence so that he may care for an ill and "100% disabled" spouse and his three children.  (*Id.* at 2-3.)

The Magistrate Judge, in considering Smoke's application for leave to proceed IFP, concluded under Rule 4 of the Rules Governing Section 2254 Cases that Smoke's petition must be dismissed.[3]  The Magistrate Judge construed Smoke's petition as a request for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A).  The Magistrate Judge further concluded that Smoke's request should be denied because Smoke filed his request in the district in which he is incarcerated, as opposed to the district in which he

---

[1] The Court recites the factual background here only to the extent necessary to rule on Smoke's objections.  A full recitation of the facts can be found in the Magistrate Judge's Report and Recommendation.  (Docket No. 3 at 1-2.)

[2] Smoke does not provide clear information about the nature of his federal criminal case, the length of his sentence, or the duration of his confinement.

[3] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules Governing Section 2254 Cases are directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); *see also Bostic v. Carlson*, 884 F.2d 1267, 1270 n.1 (9th Cir. 1989).

was sentenced, and because the request was brought by Smoke individually, and not by the Director of the Bureau of Prisons ("BOP"). Smoke filed objections to the Report and Recommendation, arguing that the Magistrate Judge erred in construing his habeas petition as a request for compassionate release. (Objections, Docket No. 4 at 5-6.)

## DISCUSSION

Smoke's petition for habeas corpus is brought under 28 U.S.C. § 2241, which provides that a court may grant a petition for writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, neither § 2241 nor the statutory habeas provision in 28 U.S.C. § 2255 provides Smoke a basis to seek habeas relief because Smoke does not challenge the validity of the criminal prosecution that led to his conviction, the conviction itself, or the execution of his sentence. *See Braswell v. Gallegos*, 82 Fed. Appx. 633, 635 (10th Cir. 2003) ("A petition [filed] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. On the other hand, [a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence. A motion filed under 18 U.S.C. § 3582(c), is neither a direct appeal of a sentence nor a collateral attack under 28 U.S.C. § 2255. Instead, it is another statutory means, separate from 28 U.S.C. § 2255, for a district court to modify a previously imposed sentence." (internal quotation marks and citations omitted; alterations in original)). Rather, Smoke requests that the Court modify or reduce his sentence "due to exceptional and extroidinary [sic] family circumstances that warrants his release from confinement to attend to his family matters that directs his

immediate attention to and thereof." (Docket No. 1, Ex. 1 at 1.) Because Smoke does not claim that he is in custody in violation of his rights under the Constitution or under federal law, the Magistrate Judge properly concluded that § 2241 does not provide Smoke an avenue for his requested relief.

Moreover, the Magistrate Judge properly construed Smoke's habeas petition as a request for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). (Report and Recommendation, Docket No. 3 at 2-4.) Under § 3582(c), a federal court "may not modify a term of imprisonment once it has been imposed" except under narrow circumstances as provided by statute. 18 U.S.C. § 3582(c). In particular,

> the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

*Id.* § 3582(c)(1)(A) (emphasis added). A sentence reduced pursuant to that provision is sometimes referred to as a "compassionate release." *Pinkley v. Anderson*, Civ. No. 06-2461, 2006 WL 2671074, at *1 (D. Minn. Sept. 18, 2006). Only the court that imposed the sentence, however, may modify the sentence pursuant to § 3582(c). *Braswell*, 82 Fed. Appx. at 635.

Smoke contends that the sentencing factors outlined in 18 U.S.C. § 3553(a), alone, justify the reduction or modification of his current sentence. Although those factors may be considered by a court in deciding whether to modify a term of imprisonment, *see* 18 U.S.C. § 3582(c)(1)(A), Smoke's request under § 3582 fails for two reasons. First,

Smoke requested relief in the district in which he is imprisoned – the District of Minnesota. As noted above, however, only the Court that imposed the sentence – the United States District Court for the Middle District of Alabama – has authority to modify the term of imprisonment. *See Porges v. Zickefoose*, No. 3:08-CV-785, 2008 WL 4596640, at *2 (D. Conn. Oct. 15, 2008) ("[A] motion for modification of a sentence under [§ 3582(c)(1)(A)] must be filed in the district court that imposed the sentence (not the district of confinement)."). Second, § 3582 requires that the Director of the BOP, rather than the prisoner, bring a motion to modify or reduce a term of imprisonment on compassionate release grounds. Here, Smoke initiated the request for relief, not the Director of the BOP.

As the Magistrate Judge noted, there is precedent for transferring cases where a prisoner improperly brought a § 3582 request in the district in which the prisoner was confined. *See Pinkley*, 2006 WL 2671074, at *1-2; *Lewis v. Warden*, Civ. No. 06-326, 2006 WL 1134760, at *1 (D. Minn. Apr. 27, 2006). The Court agrees with the Magistrate Judge, however, that a district court in the Middle District of Alabama would likely deny Smoke's request because the Director of the BOP did not make the motion. *See* 28 U.S.C. § 3582(c)(1)(A); *Porges*, 2008 WL 4596640, at *2 ("A court lacks authority to reduce a sentence of imprisonment under the compassionate release statute unless a motion is filed by the Director of the BOP."). Accordingly, transfer would neither assist Smoke nor provide any other benefit to the parties or the courts. Further, because the Court may not entertain the instant habeas petition, Smoke's application to proceed IFP is denied as moot. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court does not opine on the merits of Smoke's request for compassionate release. Rather, the Court merely finds that it does not have authority under § 3582 to entertain that request. To the extent that Smoke wishes to pursue a sentence reduction based on extraordinary or compelling circumstances under § 3582, he must first request that the Director of the BOP to bring a motion for that relief in the Middle District of Alabama.[4]

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner Gregory Steve Smoke's objections to the Report and Recommendation of the Magistrate Judge [Docket No. 4] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 7, 2009, [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Smoke's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice**.

2. Smoke's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 14, 2009　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] The process for requesting such action is outlined in 28 C.F.R. § 571.61-.63.